# In re Miguel Antonio RODRIGUEZ-DIAZ, Respondent

## File A34 510 049 - Fishkill

*Decided May 18, 2000*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An unrepresented alien who accepts an Immigration Judge's decision as "final" does not effectively waive the right to appeal where the Immigration Judge failed to make clear that such acceptance constitutes an irrevocable waiver of appeal rights; therefore, the Board of Immigration Appeals has jurisdiction to consider the alien's appeal.

Pro se

Bonnie A. Schroeck, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: MATHON, FILPPU, and MOSCATO, Board Members.

FILPPU, Board Member:

In a decision dated December 30, 1998, an Immigration Judge ordered the respondent removed from the United States to the Dominican Republic. The respondent has appealed that decision, alleging impropriety in the manner in which the Immigration Judge conducted the proceedings. The appeal will be dismissed.

## I. BACKGROUND

On October 30, 1998, the respondent was placed in removal proceedings on account of his convictions for criminal possession of a firearm and criminal possession of heroin. On December 30, 1998, he appeared before the Immigration Judge, who explained to the respondent the charges against him, his right to counsel, and the ways that he might obtain counsel. The Immigration Judge also advised the respondent as follows:

> You also have the right to appeal if I make a decision you're not happy with. You have
> 30 days to appeal. Your appeal must be in English in writing directly to the Board of

Immigration Appeals in Virginia. Your appellate rights are explained on the piece of paper in front of you.[1]

The Immigration Judge then offered to continue the hearing to provide the respondent an opportunity to obtain legal counsel, but the respondent stated that he wanted to proceed. After establishing the country of removal, the Immigration Judge repeated his offer to continue the hearing, but the respondent reiterated that he wanted to proceed. It appears that the respondent wanted to be removed, evidently believing that an order of removal would allow him to depart the United States without serving the remainder of his criminal sentence. After attempting to dissuade the respondent from that assumption, the Immigration Judge took the respondent's pleadings and accepted evidence of his criminal convictions. The Immigration Judge concluded the hearing with the following statement:

> Based on your admissions to me and based on the documents submitted by the Immigration Service, I find that you're removable from the United States as charged. I'm not aware of any relief available to you and you're not requesting any relief and, therefore, I order that you be removed from the United States to the Dominican Republic on the charges contained in the Notice to Appear. Do you accept my decision as a final one?

In response to the Immigration Judge's question, the respondent simply answered, "Yes." Counsel for the Immigration and Naturalization Service also accepted the decision as final. On the written order of removal, the Immigration Judge indicated that both parties had waived appeal. The respondent has timely appealed that decision.

## II. ISSUES

The respondent contests the fairness of his removal proceedings, focusing on the conduct of the Immigration Judge. However, before addressing his arguments, we must first resolve the question of our jurisdiction over this appeal because the Immigration Judge's order reflects that both parties waived appeal. Specifically, we must determine whether an unrepresented alien waives the right to appeal by accepting an Immigration Judge's decision as "final" when the Immigration Judge has not made it clear that such an acceptance constitutes an irrevocable waiver of the alien's appeal rights.

---

[1]The regulations require the Immigration Judge to provide the alien with a copy of a Written Notice of Appeal Rights (Form I-618) at the outset of proceedings. 8 C.F.R. § 240.48(a) (2000).

### III. JURISDICTION

We do not have jurisdiction over the decision of an Immigration Judge once the parties waive their right to appeal. *Matter of Shih*, 20 I&N Dec. 697 (BIA 1993). Whenever the right to appeal is waived, the decision of the Immigration Judge becomes final and may be implemented immediately. *See* 8 C.F.R. §§ 3.3(a)(1), 3.39 (2000). Achieving immediate finality of an Immigration Judge's decision is important, especially for a detained alien who has no interest in appeal and wishes only to depart. Waiver of appeal permits the execution of a removal order prior to expiration of the 30-day appeal period, thereby sparing the alien additional time in custody and taxpayers the expense of needless detention.

By waiving appeal, an alien relinquishes the opportunity to obtain review of the Immigration Judge's ruling. Thus, it is important that any waiver be knowingly and intelligently made. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987); *see also Matter of Shih, supra.* In fact, the statute specifically requires that an alien be notified of his or her right to appeal if an Immigration Judge orders removal. Section 240(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(4) (Supp. II 1996); *see also Matter of Ocampo*, 22 I&N Dec. 1301 (BIA 2000) (holding that 120 days' voluntary departure may not be granted prior to the completion of removal proceedings without an express waiver of the right to appeal).

At the close of the hearing in this case, the Immigration Judge asked the respondent whether he accepted the decision as "final." Although the respondent said that he did, he nevertheless filed a timely appeal. We must therefore decide whether the respondent's acceptance of the decision as "final," by itself, constitutes an effective waiver of his right to appeal.

Asking the parties whether they accept a decision as "final" is a shorthand expression commonly used by Immigration Judges. It refers to the language of 8 C.F.R. § 3.39, which provides for finality of the Immigration Judge's decision upon waiver of the right to appeal (or upon the expiration of the time in which to appeal, if no appeal is taken). Those who understand the meaning of this shorthand expression, such as aliens represented by attorneys or accredited representatives, may effectively waive appeal in response to this simple question.

However, the meaning and significance of this shorthand expression may not be apparent to the unrepresented alien. Asking an unrepresented alien whether he or she accepts a decision as "final" does not necessarily alert the alien to the fact that the question concerns the right of appeal or that an affirmative answer will be construed as an irrevocable waiver of that right. *See United States v. Fares*, 978 F.2d 52, 55 (2d Cir. 1992) (finding that no valid appeal waiver arises from an affirmative answer to the question, "[Y]ou're accepting orders of deportation . . . as final in your case with no appeal?"). Aliens unfamiliar with removal proceedings may misconstrue

the question asked by the Immigration Judge in this case as simply a reference to the end of the proceeding before the Immigration Judge and may not necessarily understand that it contemplates the final resolution of the case. Furthermore, it is unlikely that the intended meaning of this question will become clearer when translated into the various languages that are spoken by aliens in immigration proceedings.

We appreciate that the right to appeal may be discussed with parties of all levels of sophistication who appear before Immigration Judges. Because the precise articulation of appeal rights required in any given case will necessarily depend on the circumstances of that case, we do not seek to alter any statement currently used by an Immigration Judge that satisfactorily communicates the right to appeal. However, we also recognize that, in cases involving unrepresented aliens, more detailed explanations are often needed. Thus, we are more likely to find a valid waiver where an Immigration Judge has adequately conveyed both the alien's appeal options and the finality associated with waiving appeal.[2]

In this instance, we find that the respondent has not waived appeal. The simple inquiry at the end of the hearing, focusing on acceptance of a decision as "final," was not adequate to ensure that the unrepresented alien understood the import of the Immigration Judge's question. Even with the Immigration Judge's discussion of the right to appeal at the outset of the hearing, it is not evident that the respondent understood the implications of accepting the decision as "final." Consequently, regardless of whether the respondent actually contemplated taking an appeal on the day of the hearing, we hold that an effective waiver of appeal did not occur and that the appeal is properly before us.

## IV. ARGUMENTS ON APPEAL

---

[2]For example, the following is one reasonably comprehensive formulation of an appropriate discussion of appeal rights:

You have the right to appeal my decision. You do not have to decide today if you want to appeal, but you should decide soon. You can also give up your right to appeal by waiving it.

If you want to appeal my decision, or if you want to think about appeal and decide later, you must reserve appeal now. If you reserve appeal, you will have 30 days from today to file your appeal with the Board of Immigration Appeals. Your notice of appeal must actually arrive at and be received by the Board within 30 days. Your appeal right will be lost if the notice of appeal arrives late.

If you do not want to appeal my decision, you may waive appeal. If you waive appeal, my decision becomes final, and your case is completely finished. You cannot change your mind later and try to file an appeal. Do you understand?

Do you want to reserve appeal or waive appeal?

On appeal, the respondent does not assert eligibility for any particular form of relief but argues only that his hearing was procedurally deficient. The respondent maintains that his ignorance of the immigration laws prevented him from understanding the proceeding or the consequences of his testimony. He also contends that the Immigration Judge denied him due process by improperly assuming the Service's "prosecutorial" role and by "forcing" him to represent himself.

We find the respondent's arguments to be without merit. The Immigration Judge performed his duties in accordance with both the letter and the spirit of the law. *See* section 240(b)(1) of the Act; *see also* 8 C.F.R. § 240.10(c) (2000). The Immigration Judge requested pleadings in a straightforward fashion and provided the respondent ample opportunity to voice objection or uncertainty about the proceedings. *Cf. Matter of A-P-*, Interim Decision 3375 (BIA 1999). The Immigration Judge twice offered to continue the hearing so that the respondent might obtain counsel. It was the respondent's decision to proceed despite his ignorance of the immigration laws. We discern no impropriety in the Immigration Judge's conduct in these proceedings and therefore find no reason to overturn the decision of the Immigration Judge. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.