**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 14, 2005**

**TENTH CIRCUIT**

FELIX GOMEZ-DIAZ,

        Petitioner,

v.

ALBERTO R. GONZALES,

        Respondent.[*]

No. 04-9568

(Board of Immigration Appeals)

(A92-921-129)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[***]

Appellant Felix Gomez-Diaz (Gomez) appeals a Board of Immigration

Appeals (BIA) order dismissing his appeal on the ground that he waived his right

to appeal. Gomez argues on appeal to this court that the waiver was not knowing

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Respondent requests that Alberto R. Gonzales be substituted for John Ashcroft as the respondent in this case.

[**] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and voluntary. Gomez further argues that his due process rights were violated by deporting him based on a guilty plea that should not have disqualified him from receiving the benefit of § 212(c) of the Immigration and Nationality Act of 1952. Because we find Gomez was ineligible for § 212(c) relief, we AFFIRM.

## BACKGROUND

Gomez appeared pro se in a deportation hearing on December 30, 2002. At that hearing he admitted he had previously pled guilty to Possession of a Controlled Substance on January 3, 1997, and to Illegal Discharge of a Firearm on August 29, 2002, both of which rendered him deportable. The immigration judge (IJ) concluded that Gomez was ineligible for any form of relief but offered to continue the hearing to allow Gomez to consult with an attorney. At the same time, however, the IJ discouraged Gomez from that course by stating, "I think that [an] attorney's going to tell you the same thing I'm telling you—that you're not eligible for anything." [R. at 41.]

Gomez declined the opportunity to continue the hearing to consult with counsel, and the IJ ordered that he be removed "as soon as possible." The IJ then asked Gomez if he wanted to appeal the decision. Gomez said, "No." [R. at 41–42.]

## JURISDICTION

Section 1252 of the Immigration Act gives us jurisdiction to consider appeals from final removal orders. This jurisdiction is limited, however, by an express statutory provision that an appellant must have first exhausted administrative remedies. 8 U.S.C. § 1252(d)(1). Nevertheless, we have not required exhaustion where an alien challenges a removal order on constitutional grounds because the BIA does not have authority to resolve such claims. *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002), *abrogated on other grounds by Demore v. Hyung Joon Kim*, 538 U.S. 510 (2003).

Our jurisdiction is further limited by § 1252 (a)(2)(C), which eliminates appellate jurisdiction to review removal orders based on the commission of certain crimes. The government moved to dismiss based on this provision. Congress, however, subsequently reinstated limited judicial review of such orders in the REAL ID Act:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). The government concedes, and we agree, that this provision gives us jurisdiction to review Gomez's constitutional claims and any

legal claims that he raised with the BIA.  *See Schroeck v. Gonzales*, — F.3d —,
2005 WL 3047966 (10th Cir. 2005) (discussing REAL ID Act).

### APPEAL WAIVER

The first issue is whether Gomez waived his right to appeal the removal
order.  To be valid, a waiver must be knowing and voluntary.  *See United States v.
Mendoza-Lopez*, 481 U.S. 828, 840 (1987).  The BIA has recognized that "in
cases involving unrepresented aliens, more detailed explanations are often
needed."  *In re Rodriguez-Diaz*, 22 I&N Dec. 1320, 1323 (BIA 2000).  Whether a
colloquy satisfies these requirements is a determination that is made "regardless
of whether the respondent actually contemplated taking an appeal on the day of
the hearing."  *Id.*  In this appeal, however, we need not definitively resolve the
waiver argument because it is clear that Gomez cannot show a due process
violation.

### DUE PROCESS VIOLATION

Removal was proper because Gomez was ineligible for § 212(c) relief.
Gomez argues that the IJ violated his due process rights by deporting him based
on a 1997 guilty plea that, he claims, did not disqualify him for discretionary
relief under § 212(c) of the Immigration and Nationality Act of 1952.

Section 212(c), as interpreted by the BIA, authorized the Attorney General
to waive deportation in many immigration cases. 8 U.S.C. § 1182(c) (1994).  In

1996 Congress eliminated this provision in the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified as amended in scattered sections of 8 U.S.C.), and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, Div. C., 110 Stat. 3009-546 (1996) (codified as amended in scattered sections of 8 U.S.C.). Until that time, § 212(c) allowed more than 10,000 aliens to avoid deportation. *INS v. St. Cyr*, 533 U.S. 289, 296 (2001).

With the elimination of § 212(c) relief, the Supreme Court in *INS v. St. Cyr*, considered the fate of aliens who, post-AEDPA and IIRIRA, were being deported for pre-AEDPA and IIRIRA "convictions [that] were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326. Recognizing that "preserving the possibility of such relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial," the Court held that "§ 212(c) relief remains available" for such aliens. *Id.* at 323, 326.

Gomez's argument that he was eligible for § 212(c) relief from deportation based on his January 3, 1997 conviction rests on his claim that *St. Cyr* applies to pleas entered before April 1, 1997, the effective date of IIRIRA. The government

responds that *St. Cyr* applies only to guilty pleas entered before April 24, 1996, the effective date of AEDPA.

We need not resolve this dispute here because Gomez's 2002 conviction for illegal discharge of a firearm made him clearly ineligible for § 212(c) relief. For one thing, he entered this plea long after Congress enacted both AEDPA and IIRIRA. And, in any event, courts looking at the applicability of § 212(c) have consistently held that aliens such as Gomez convicted of firearm offenses are not eligible for § 212(c) relief. *See Farquharson v. United States Att'y Gen.*, 246 F.3d 1317, 1324 (11th Cir. 2001) (citing cases).

## CONCLUSION

Accordingly, the Motion to Dismiss for Lack of Jurisdiction is DENIED, but we find that Gomez's removal order did not violate due process and AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge