[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11809
Non-Argument Calendar

_____

Agency No. A90-084-012

AVELINO CEJA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 15, 2006)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Avelino Ceja, a native and citizen of Mexico, and proceeding pro se on appeal, petitions this Court for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order of removal. The BIA dismissed Ceja's appeal based upon Ceja's appeal waiver he had made before the IJ. The issue before this Court is whether Ceja's appeal waiver was knowing and voluntary. For the reasons set forth more fully below, we deny Ceja's petition for review.

Ceja entered the United States in May 1985 and adjusted his status to that of lawful permanent resident on July 31, 1991. On December 15, 1989, however, Ceja was convicted in California for possession of cocaine with the intent to sell. On August 2, 2005, the Immigration and Naturalization Service ("INS")[1] issued Ceja a notice to appear ("NTA"), charging him with removability under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A) because, at the time Ceja adjusted his status, he was within a class of inadmissible aliens, specifically, aliens who had been convicted of a violation of any law or regulation of a State. On November 1, 2005, Ceja moved the IJ to terminate his removal proceedings or, alternatively, change the venue to San Francisco, California. In this motion, Ceja argued that his

---

[1]The Homeland Security Act ("HSA"), effective November 25, 2002, created the Department of Homeland Security ("DHS") and abolished the INS. Pub.L.No. 107-296, 116 Stat. 2135. The HSA transferred INS functions to the DHS. This case was initiated while the INS was still in existence. This memo, therefore, refers to the INS rather than the DHS as the relevant agency.

proceedings should have been terminated because he was not actually deportable, or, in the alternative, that his case should have been moved to California for him to pursue his claim that he was eligible for a waiver of inadmissibility under INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). The IJ never ruled on this motion.

On November 15, 2005, Ceja appeared before an IJ for a hearing with regard to his removal proceedings.[2] A sworn interpreter translated the hearing from English to Spanish. Ceja, who was not represented by counsel, admitted that he was convicted of the above-mentioned offense in December 1989. The IJ found that, based upon Ceja's admissions, he was removable as charged in the NTA. Ceja indicated that he did not have a fear of torture or persecution upon his return to Mexico.

The IJ then rendered his oral decision, in which the IJ determined that, because Ceja was not eligible to adjust his status at the time he sought such adjustment, he did not properly obtain lawful permanent resident status. The IJ further found that removability had been established by clear and convincing evidence, and that Ceja was ineligible for the minimum form of relief, voluntary

---

[2]The date listed on the transcript of Ceja's hearing before the IJ is August 2, 2005, which was the date of his notice to appear. However, it appears that the date is a mistake because the IJ's written order of removal was entered on November 15, 2005. Moreover, Ceja and the government indicated in their briefs before the BIA that the date on the transcript was incorrect and that the actual date of the hearing and the court's oral decision was November 15, 2006. This also comports with the IJ's indication during the hearing that any appeal by Ceja would have had to been filed by December 15, 2006, which was 30 days after the day of the hearing.

departure, because of his 1989 conviction.  Thus, the IJ ordered Ceja removed to Mexico.  After the IJ's rendition of its oral decision, the following discussion occurred:

> IJ: Sir, I've just ordered you deported to Mexico.  If you disagree with this decision, you have a right to appeal or you can accept the order of removal.
>
> Ceja: How long would it take to appeal?
>
> IJ: I will reserve your right to appeal.  That appeal will be due December 15th, 2005.  The Board of Immigration Appeals will immediately review your file and will do their best to have a decision back to you within six months to a year.
>
> Ceja: No, I'd rather sign the deportation.  How long will it take for me to be sent to Mexico?
>
> IJ: Well, since you waived it and it's now a final order, the Government will then move you as soon as possible.  You may not remain, you may not return to the United States for 20 years.
>
> Ceja: That's fine, that's fine.  No problem.
>
> IJ: And you may not return to the United States without proper documentation.
>
> Ceja: That's fine.
>
> IJ: Also because of this drug conviction, it may mean that you may never be allowed to enter the United States in the future.
>
> Ceja: Doesn't matter, I just want to go back to my house.
>
> IJ: All right.

The IJ's written order of removability was entered on November 15, 2005, and

4

indicated that Ceja waived his right to appeal.

On November 18, 2005, Ceja filed a notice of appeal to the BIA, arguing, inter alia, that his waiver of his right to appeal the IJ's order was not voluntary and intelligent because he was coerced by the IJ. Ceja also asserted that his waiver of his right to appeal was especially questionable in light of his motion to terminate his removal proceedings, which Ceja filed on November 1, 2005 and "the IJ ignored."

The BIA dismissed Ceja's appeal, finding that Ceja waived his right to appeal. Specifically, the BIA found that Ceja's waiver was valid because: (1) the removal hearing was translated into Spanish for Ceja's benefit; (2) Ceja admitted that he had been convicted of possession of cocaine; (3) there was no evidence that the IJ coerced Ceja to waive his right to appeal by informing Ceja that it could take six months to one year to resolve his appeal; and (4) the IJ made no statement regarding whether Ceja would be detained pending the resolution of his appeal. The BIA also noted that, despite Ceja's argument that he had submitted a motion in which he argued that he was not subject to removal and that the IJ had not addressed that motion, Ceja did not pursue that motion before the IJ and, furthermore, he admitted that he was convicted of possession of cocaine.

Ceja argues on appeal that the BIA and IJ violated his due process rights because his appeal waiver was not knowing and voluntary. He specifically

contends that the IJ misrepresented the time within which the BIA would conclude an appeal of his case because the IJ told Ceja that it would take approximately six months to one year, which time-frame is contrary to 8 C.F.R. § 1003.1(e)(8). He asserts that the BIA's finding that the IJ never told Ceja that he would be incarcerated during an appeal ignores the fact that the IJ previously had denied Ceja's motion for bond. He also maintains that his motion to terminate or change venue, in conjunction with the IJ's misrepresentation of the appeal time, establishes that his appeal waiver was not knowing and voluntary.

As a threshold matter, we must determine whether we have jurisdiction to entertain Ceja's petition for review. We have no jurisdiction to review a final order of removal if the alien is inadmissible or removable by reason of having committed a violation of a State law. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); INA § 212(a)(2), 8 U.S.C. § 1182(a)(2). Ceja admitted at his removal hearing that he was convicted of committing a controlled substance offense. We retain jurisdiction, however, to consider constitutional claims or questions of law raised in an alien's petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); see also Balogun v. United States Attorney Gen., 425 F.3d 1356, 1359 (11th Cir. 2005). Here, Ceja raises a constitutional claim that his appeal waiver was not knowing and voluntary, and, thus, his removal hearing violated his due process rights. Accordingly, we retain jurisdiction to entertain

Ceja's petition for review to the extent that he challenges the validity of his appeal waiver. We review an alien's constitutional claim de novo. Ali v. United States Attorney Gen., 443 F.3d 804, 808 (11th Cir. 2006).

Concerning an alien's waiver of his right to appeal an IJ's order of removal, the Supreme Court has determined that, where an appeal waiver is not "considered or intelligent," the alien's deportation proceeding violates due process. United States v. Mendoza-Lopez, 481 U.S. 828, 839-40, 107 S.Ct.2148, 2156, 95 L.Ed.2d 772 (1987). This Court and the BIA have analyzed aliens' appeal waivers under a knowing and voluntary standard. See United States v. Holland, 876 F.2d 1533, 1537 (11th Cir. 1989); In Re Rodriguez-Diaz, 22 I. & N. Dec. 1320, 1322 (BIA 2000); In Re Patino, 23 I. & N. Dec. 74, 76 (BIA 2001). In light of the Supreme Court's decision in Mendoza-Lopez and the BIA's use of a knowing and voluntary standard, we will review the record to determine whether an alien's appeal waiver was knowing and voluntary, considered, or intelligent.

Based upon the record in Ceja's case, the IJ did not coerce Ceja into waiving his right to appeal. In fact, the IJ initially reserved Ceja's right to appeal and deemed the right waived only after Ceja insisted that he would "rather sign the deportation." Ceja argues on appeal that the IJ misrepresented the time-frame within which an appeal to the BIA would be pending. According to 8 C.F.R. § 1003.1(e)(8), "after completion of the record on appeal . . . the [BIA] . . . shall

7

issue a decision on the merits as soon as practicable, with a priority for cases or custody appeals involving detained aliens." The regulation specifically provides that the BIA "shall dispose of all appeals assigned to a single Board member within 90 days of completion of the record on appeal, or within 180 days after an appeal is assigned to a three-member panel." 8 C.F.R. § 1003.1(e)(8)(i). However, the regulation makes clear that the above time limit "reflect[s] an internal management directive in favor of timely dispositions," but does not "create any substantive or procedural rights enforceable before any immigration judge or the Board, or in any court of law or equity." 8 C.F.R. § 1003.1(e)(8)(vi). Thus, even though the IJ's response that the BIA would begin processing Ceja's file "immediately" and would "do their best to have a decision back to you within six months to a year" was in conflict with the recommended time limits set forth in the regulation, it was not a misrepresentation because the time limits are only internal directives and do not necessarily represent the reality of the BIA's appeal processing procedures.

To the extent that Ceja argues that his appeal waiver was invalid in light of his pending motion to terminate his removal proceedings or, alternatively, to change venue so that he could raise a claim for § 212(c) relief, Ceja's argument is without merit. At Ceja's removal hearing, the IJ explicitly asked him whether he had been convicted of possession of a controlled substance, and Ceja responded that he had. The IJ then informed Ceja that, as a result of his admission, he was

8

removable as charged in the NTA.  At that point Ceja could have, and arguably should have, raised his contention that he was not removable as charged, as he argued in his motion to terminate or change venue.  However, Ceja did not contend as such and thus conceded removability.  Because he did not challenge his removability before the IJ at his hearing, especially where the IJ had not yet ruled on his motion, Ceja abandoned his claim that he was not removable as charged.  In any event, his admissions at the hearing were inconsistent with the position that he maintained in his motion, and, thus, his motion does not support his argument that his appeal waiver was invalid.

Accordingly, because the IJ (1) informed Ceja of his right to appeal, (2) explained the consequences of the appeal waiver and Ceja's deportation, and (3) did not coerce or misinform Ceja regarding the waiver, the BIA did not err in finding that Ceja's appeal waiver was knowing and voluntary.  Thus, Ceja's removal proceeding did not violate his due process rights.  Ceja's petition for review is **DENIED.**