# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2855

_____

Jose Alvarado,                *

                           *

         Petitioner,        *

                           *    Petition for Review of

      v.                   *    an Order of the Board

                           *    of Immigration Appeals.

Michael B. Mukasey,[1]       *

                           *    [UNPUBLISHED]

         Respondent.       *

_____

Submitted: December 3, 2007
Filed: December 18, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Honduran citizen Jose Alvarado petitions for review of an order of the Board of Immigration Appeals (BIA) finding lack of jurisdiction to entertain Alvarado's appeal of an Immigration Judge's (IJ's) denial of asylum and withholding of removal.

Alavardo entered the United States in 1992 as an undocumented alien and in 1994 he applied for asylum. Following a hearing, the IJ found Alvarado removable, denied asylum and related relief, and granted Alvarado 120 days within which to

_____

[1]Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

voluntarily depart, see 8 C.F.R. § 1240.26(b)(1)(i)(D) (alien may be granted up to 120-day voluntary departure period if alien waives appeal). In his pro se appeal to the BIA, Alvarado challenged the IJ's denial of asylum and related relief, and he asserted that he had been incompetently represented by his counsel. The BIA dismissed the appeal on the grounds that Alvarado had knowingly and intelligently waived his right to appeal in exchange for the 120-day voluntary-departure grant, and had failed to satisfy any of the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), for an ineffective-assistance claim.

We conclude that the BIA did not abuse its discretion in dismissing Alvarado's claim of ineffective assistance of counsel for failure to comply with the Lozada requirements. See Habchy v. Gonzales, 471 F.3d 858, 863 (8th Cir. 2006).[2]

We disagree with the BIA, however, that the record shows Alvarado knowingly and intelligently waived his appeal rights. At the final hearing, Alvarado's counsel verified that Alvarado wished to accept the IJ's decision on his asylum and withholding-of-removal claims as final, and to waive his right to appeal, but no interpreter was present to translate the proceedings for Alvarado, and at no time did the IJ address Alvarado personally to determine whether he understood that he was giving up his right to contest the IJ's findings. Further, although the IJ stated that written "advisals" (presumably explaining Alvarado's appeal rights) were to be provided before the final hearing, the advisals are not contained in the record, and Alvarado's counsel waived an oral reading of the advisals at both the initial and final hearings. See United States v. Mendoza-Lopez, 481 U.S. 828, 840 (1987) (although deportee

---

[2]Attached to Alvarado's brief is a sworn affidavit regarding his counsel's performance, which he states he mailed to counsel and to the Nebraska bar to comply with the Lozada requirements. We are barred by statute from considering this new evidence. See 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition [for review] only on the administrative record on which the order of removal is based.").

may waive right to judicial review of deportation order, waiver must be considered and intelligent); <u>In re Rodriguez-Diaz</u>, 22 I. & N. Dec. 1320, 1322 (BIA 2000) (appeal waivers must be "knowingly and intelligently made").

Thus, we remand the case to the BIA with instructions to disregard the appeal waiver and to consider Alvarado's appeal on the merits.

_____