

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Doe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Doe v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2005.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2005

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 06-4953 & 07-1701

JOHN DOE,[1]

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals
(No. A25-445-939)
Immigration Judge: Annie S. Garcy

Argued November 17, 2008

Before: SCIRICA, Chief Judge, FUENTES and HARDIMAN, Circuit Judges.

(Opinion Filed: January 22, 2009)

Laura E. Neish, Esq. (Argued)
Charles E. Stewart, Esq.
Zuckerman Spaeder
1540 Broadway, Suite 1604
New York, NY 10036-0000
        Attorneys for Petitioner

---

[1]In light of Petitioner's legitimate concerns about his safety in Haiti, we have chosen to replace Petitioner's name with a pseudonym throughout this Opinion.

Kevin J. Conway, Esq. (Argued)
Richard M. Evans, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044-0000
     Attorneys for Respondent


FUENTES, Circuit Judge:

Petitioner John Doe, a native and citizen of Haiti, entered the United States as a refugee and later became a lawful permanent resident. On April 17, 2006, Doe was charged with removability. Following a hearing, the immigration judge ("IJ") denied relief and ordered Doe removed pursuant to 8 U.S.C. § 1337(a)(2)(B)(i). Approximately two weeks later, Doe filed a pro se Motion to Reopen his case in order to file an asylum claim. The IJ denied the Motion and the Board of Immigration Appeals ("BIA") affirmed. Doe promptly filed a petition for review of the BIA's decision. On December 4, 2006, before we had the opportunity to review his Motion to Reopen, Doe filed a second Motion to Reopen with the BIA, offering evidence that was not available during the original hearing before the IJ. The BIA denied the second Motion to Reopen and Doe again filed a timely petition for review. We now consider both appeals.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we will deny both petitions for the reasons that follow.[2]

---

[2]We pause to express our appreciation to pro bono counsel, Ms. Laura E Neish and Mr. Charles E. Stewart, both of Zuckerman Spaeder, for representing Doe in this appeal.

2

I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case.

On September 16, 2005, Doe was convicted of aggravated sexual contact in the third degree, and was charged with removability. The IJ, however, was not convinced that the evidence supported the charge. The Government then withdrew the charge and substituted two drug convictions from 2000 and 2001. Doe conceded the facts behind the drug convictions, and the IJ ordered Doe removed. The IJ laid out Doe's appellate options, but he chose to waive his appellate rights rather than prolong his detention.

Approximately two weeks after the IJ's decision, Doe decided he did want to appeal the removal order and filed a Motion to Reopen his asylum claim. On July 6, 2006, the Motion to Reopen was denied by the IJ, and Doe sought review of the decision with the BIA twice: once directly after the IJ rendered her decision, and once after submitting new evidence. Both petitions for review are discussed below.

II.

"We review the BIA's denial of a motion to reopen for abuse of discretion, and review its underlying factual findings related to the motion for substantial evidence." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (internal citation omitted). This standard of review grants broad deference to the decisions of the BIA. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003); see Sevoian v. Ashcroft, 290 F.3d 166, 173 (3d Cir. 2002) ("No statute or regulation creates any circumstance in which a motion to

3

reopen must be granted. This implies that motions to reopen remain discretionary motions, which the Board or Immigration Judge has 'broad discretion' to grant or deny." (internal quotation marks and citations omitted)). Thus, we should reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Fadiga v. Att'y Gen U.S., 488 F.3d 142, 153 (3d Cir. 2007).

III.

On November 3, 2006, the BIA rejected Doe's appeal of the IJ's decision not to reopen his immigration proceedings. According to the relevant immigration regulations, a motion to reopen shall not be granted unless

> it appears to the Board that evidence sought to be offered is material and *was not available and could not have been discovered or presented at the former hearing*; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, *unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.*

8 C.F.R. § 1003.2(c)(1) (emphasis added). The BIA correctly noted that Doe had failed to present any evidence with his initial Motion to Reopen—such as evidence of changed circumstances—that was not available during the pendency of his hearing before the IJ. To the contrary, all of the evidence presented by Doe with his Motion to Reopen predated his initial hearing—in some instances by more than a decade. Accordingly, the BIA's denial of Doe's appeal of his first Motion to Reopen was not an abuse of discretion.

4

Doe also argues that his waiver of his appellate rights during his hearing was not knowing and voluntary. In particular, he states that he experienced difficulty obtaining a lawyer due to restrictive phone rules at the institution where he was detained, and thus was denied the benefit of counsel. "It is well-established that an alien at an immigration hearing has some form of right to counsel. It is equally well-settled, though, that 'there is no Sixth Amendment right to counsel in deportation hearings.'" Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374 (3d Cir. 2003) (citing Uspango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002)). Rather, any arguments based on a denial of counsel must be grounded in the Fifth Amendment's due process guaranty. Uspango, 289 F.3d at 231. "Where an alien claims a denial of due process because he was prevented from making his case to the BIA or the IJ, he must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." Fadiga, 488 F.3d at 155 (internal quotation marks omitted).

Here, Doe cannot show that he was prevented from reasonably presenting his case. The IJ repeatedly explained to Doe the ramifications of his decision to waive his right to appeal. On numerous occasions, the IJ asked Doe if he wanted more time in order to consult with a lawyer, offering to postpone her final determination in order for Doe to obtain legal assistance. The IJ even asked Doe if he wanted to take the I-589 asylum form with him to the detention center in order to give the matter more thought. Doe, however, evidently desired to get the proceedings over with and expedite his release from detention. Waiver of appeal to avoid further detention is one of the principal policy

5

reasons behind permitting a petitioner to waive appellate remedies in an immigration

hearing:

> Achieving immediate finality of an Immigration Judge's decision is important, especially for a detained alien who has no interest in appeal and wishes only to depart. Waiver of appeal permits the execution of a removal order prior to expiration of the 30-day appeal period, thereby sparing the alien additional time in custody and taxpayers the expense of needless detention.

In re Rodriguez-Diaz, 22 I. & N. Dec. 1320, 1322 (B.I.A. 2006). Doe acknowledged that

the IJ had informed him of the ramifications of his actions, and further acknowledged that

he had made a mistake in not listening to the IJ. Accordingly, the BIA's did not abuse its

discretion in determining that Doe's waiver of his appellate rights was both knowing and

voluntary.[3]

## IV.

On December 13, 2006, Doe filed a second Motion to Reopen with the BIA.[4]

---

[3]Doe cites only one case for the proposition that the sort of phone obstruction he allegedly experienced was an "undo curtailment of the privilege of representation," and thus constituted a violation of due process: Chlomos v. U.S. Dep't of Justice, 516 F.2d 310 (3d Cir. 1975). In Chlomos, however, the immigration hearing officer proceeded with the case "despite Chlomos's repeated requests for his lawyer." Id. at 313. In Doe's hearing, the IJ bent over backward to ensure that Doe had the legal representation he desired—she referred him to a legal services provider and repeatedly offered to postpone the proceedings so that Doe could obtain representation. The IJ proceeded to a final decision when she did because Doe wanted her to—he expressed a desire to be done with the process, to be released from detention, and to go back to Haiti. Quite simply, the facts of Chlomos are not on point.

[4]In his December 4, 2006 Motion, Doe also petitioned for reconsideration of the BIA's November 3, 2006 ruling. The BIA denied this Motion, correctly noting that Doe

Unlike his previous Motion to Reopen, this Motion included evidence that could not have been presented at his initial hearing. Specifically, Doe presented evidence of legal proceedings related to a family member and argued that those proceedings would provoke his adversaries in Haiti into issuing reprisals.

On February 9, 2007, the BIA rejected Doe's second Motion to Reopen, holding that Doe's allegations of potential harm were too general, consisting of mere conjecture and speculation. In particular, the BIA expressed doubt that Doe had properly connected any personal threat of harm to the previously-mentioned legal proceedings:

> "[Doe] has provided no evidence that the [legal proceedings], which w[ere] premised on the activities perpetrated by [his adversaries] at the time of the military coup in Haiti, ha[ve] resulted in any new threats of harm to the respondent or his [family] since [they were] issued . . . Even if we were to accept the respondent's contention that [his adversaries] continue their acts of violence to this day, we will not speculate as to the possibility that the respondent could be subjected to persecution on account of his [family's legal proceedings], as it would be mere conjecture.

(App. 4.) This determination was not an abuse of discretion. We agree with the BIA that the evidence presented by Doe does not demonstrate how his adversaries might realistically connect him with his family's legal proceedings. Without such evidence, the BIA is surely correct–it is mere speculation that his adversaries would harm him because

---

had not pointed to any additional legal arguments, changes in law, or overlooked aspects of the case that would warrant such a reconsideration. Accordingly, for the reasons already detailed in Part III of this Opinion, the BIA did not abuse its discretion in denying Doe's original Motion to Reopen. See Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005) (noting that motions to reconsider are also reviewed for abuse of discretion).

of the acts of related family members.  Accordingly, the BIA's denial of Doe's second Motion to Reopen was not an abuse of discretion.

V.

For the foregoing reasons, we deny Doe's petition and affirm the decisions of the BIA.