**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ANGEL CARRILLO-GUANIN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73836

Agency No. A092-814-589

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Angel Carrillo-Guanin, a native and citizen of Ecuador, petitions for review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal

from a removal order of an immigration judge ("IJ").  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review de novo questions of law, including due process

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). We deny the petition for review.

The BIA did not err in dismissing Carrillo-Guanin's appeal on the ground that he had waived his right to appeal. *See Matter of Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (BIA 2000) ("By waiving appeal, an alien relinquishes the opportunity to obtain review of the Immigration Judge's ruling.").

The BIA also did not violate Carrillo-Guanin's right to due process by failing to provide him with a transcript of the removal hearings or the IJ's oral decision, failing to allow him to argue that his waiver of the right to appeal was invalid, failing to consider the validity of his waiver of appeal, or failing to issue a briefing schedule, because Carrillo-Guanin has not demonstrated that the BIA's actions prejudiced the outcome of his removal proceedings in light of his statutory ineligibility for relief. *See Vargas-Hernandez*, 497 F.3d at 926 ("In order to prevail on a due process claim . . . , an alien must . . . show prejudice – that his rights were violated in a manner so as potentially to affect the outcome of the proceedings."); *see also United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010) (finding that the petitioner suffered no prejudice from a regulatory violation because he presented no "plausible grounds for relief").

**PETITION FOR REVIEW DENIED.**