**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WILLIAM OBED MARTINEZ, | No.    18-72563 |
| Petitioner, | Agency No. A095-134-676 |
| v. |  |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2020
Pasadena, California

Before:  COLLINS and LEE, Circuit Judges, and PRESNELL,[**] District Judge.

William O. Martinez seeks review of the Board of Immigration Appeals'
("BIA") decision to reverse the Immigration Judge's ("IJ") order granting
cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we
deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

1. <u>Discretionary Determination</u>: The BIA exercised its discretion to not grant cancellation of removal. Specifically, it found that "[t]he respondent's recent rehabilitation attempts and the equities he presented do not adequately tip the discretionary balance toward a favorable exercise of discretion, in light of the recency of his last DUI conviction, recidivism, and prior failed attempts at rehabilitation." We do not have jurisdiction to review this discretionary determination. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1005 (9th Cir. 2003) ("The one relevant provision, 8 U.S.C. § 1252(a)(2)(B)(i), prohibits us from exercising jurisdiction over any 'judgment regarding the granting of' cancellation of removal relief. Under this provision, we lack jurisdiction to review discretionary decisions in the cancellation of removal context.").

Moreover, Martinez has failed to show that any alleged errors with the BIA's hardship analysis infected its discretionary decision. Indeed, the BIA made its discretionary decision as an *alternative* to its hardship analysis. Nothing in the record suggests that the BIA failed to put aside any issues it found with Martinez's assertions of hardship when it conducted its independent, alternative analysis of whether he warrants a favorable exercise of discretion. In this separate basis for denying relief, nothing shows that the BIA failed to consider the IJ's conclusions concerning rehabilitation or did not consider the potential equities, such as the daughter's serious heart condition or Martinez's recent shift in views on alcohol use.

2

Rather than ignore or discount these hardships and equities, the BIA found that Martinez's three DUI convictions, the seriousness of these offenses, and his recidivism, all of which the IJ noted, outweighed any equities he presented.[1]

2. <u>Waiver of Right to Appeal</u>: Martinez validly waived his right to appeal through his attorney. *See Matter of Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (B.I.A. 2000) (explaining that "[a]sking the parties whether they accept a decision as 'final' is a shorthand expression commonly used by Immigration Judges" and "[t]hose who understand the meaning of this shorthand expression, *such as aliens represented by attorneys or accredited representatives*, may effectively waive appeal in response to this simple question" (emphasis added)).

**PETITION FOR REVIEW DENIED**

---

[1] We need not resolve the serious questions that have been raised about the BIA's review of the IJ's factual findings. An IJ's factual findings are given deference and can be put aside only after an explanation as to why the findings are clearly erroneous. *See Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013); *Ridore v. Holder*, 696 F.3d 907, 917 (9th Cir. 2012); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). The allegedly erroneous review of factual findings occurred in the BIA's hardship analysis, however. Because the BIA's discretionary decision was made as an alternative to and independent from the hardship determination, any alleged issues with the BIA's hardship analysis, including any alleged improper review of factual findings, did not affect the BIA's discretionary decision.