[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13685
Non-Argument Calendar
_____

Agency No. A201-419-730

LAZARO GONZALEZ ARNET,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 25, 2020)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Lazaro Gonzalez Arnet ("Gonzalez") appeals the Board of Immigration Appeal's ("BIA") decision, which held that Gonzalez waived his right to appeal the Immigration Judge's ("IJ") denial of his application for asylum, pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under the INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). Because we agree with the BIA that Gonzalez's appeal waiver was knowing and intelligent, we affirm.

## I.

Gonzalez, a native and citizen of Cuba, attempted to enter the United States through the Gateway International Bridge in Brownsville, Texas on November 15, 2018. The Department of Homeland Security ("DHS") subsequently charged him with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for being present in the country without a valid entry document.

Gonzalez, proceeding *pro se* throughout the immigration court proceedings, appeared before the same IJ three times. He first appeared before the IJ on January 9, 2019. At the beginning of that initial hearing, the IJ, through a Spanish interpreter, advised Gonzalez of his rights. Regarding the right to appeal, the IJ stated:

2

> After your hearing, I'll review all of the testimony and documents and make a decision about deportation.  If you disagree with my decision, you have the right to ask our Superior Court to review my decision for legal error.  This is called an appeal.  If you choose to appeal, you would have 30 days from the date of my decision to notify that Superior Court that you want to appeal.  On the back of the list of attorneys that I talked about earlier is an explanation for how to file an appeal, including how to ask for a waiver of the filing fee.  It is not required that you have an attorney to file an appeal.  You may file an appeal on your own.  In any case, you would not be removed from the United States while your case is being appealed.  If you give up your right to appeal and accept my decision, then my decision would be final the day it is announced.  If you understand all these rights as I've explained them to you, please raise your hand.

Gonzalez indicated that he understood.  The IJ found that Gonzalez was removable as charged.  The IJ asked Gonzalez if wished to apply for asylum, withholding of removal, and CAT relief, and Gonzalez indicated that he did.

After a brief hearing on February 13, 2019, in which Gonzalez submitted his application for relief, on March 22, 2019, the IJ held a merits hearing on his application.  At that final hearing, the IJ, again through a Spanish interpreter, explained to Gonzalez that he both he and the government would have the opportunity to present evidence on Gonzalez's claims for relief.  The IJ said he would "make a decision," based on this evidence "and advise [Gonzalez] of what the decision is and . . . that'll be the end of it."  Gonzalez indicated that he understood.  Following Gonzalez's testimony, the IJ denied his claims for asylum, withholding of removal, and CAT relief.

3

Before concluding the hearing, the IJ told Gonzalez that he had "two things to tell [him] about the rights that [he] ha[d] from this point forward." The first was that Gonzalez could request that the IJ send him to a country other than Cuba. Gonzalez indicated that he would prefer to go to Spain, and the IJ obliged. "The other thing," the IJ added, was that Gonzalez had "the right to appeal [the IJ's] decision to a higher court." Then the IJ explained how that process would work:

> The higher court will look at my case to determine whether or not I made an error in applying the law to your circumstances. If they decide that I have, they'll send your case back for another hearing. You, you make that appeal by sending it in writing. We can give you instructions on how to do that. But – and you can do it on your own or you can hire an attorney to represent you. You have to make that appeal within 30 days from today and then it takes them several months to make a decision. . . . So I need to ask you. Do you want to appeal my decision?

"No, Judge," replied Gonzalez. The hearing concluded with the following exchange:

> **IJ:** Okay, sir. I've signed this order. It is final today, which means you will be removed from here to either Spain or Cuba just as soon as they can make the arrangements. There's one other thing I need to tell you. Now that I've ordered you removed, if you were to illegally re-enter the United States, you could be prosecuted for that crime and if you're found guilty, you could be sentenced to up to 20 years in prison. So you know, don't do that. Okay? Do you understand?
>
> **Gonzalez:** Yes, sir.
>
> **IJ:** I don't want to see that happen to you. Okay. Any questions, sir?
>
> **Gonzalez:** No sir.

4

**IJ:** Okay.  I wish you all the best.  I hope you find your wife and son doing well and you have a happy reunion with them and that things work out for you, sir.

The same day as the hearing, the IJ entered a written order, denying Gonzalez's claims and ordering Gonzalez removed to Spain or, in the alternative, to Cuba. The order also notes that Gonzalez waived his right to appeal.

Gonzalez nevertheless appealed to the BIA and obtained counsel.  The BIA dismissed his appeal, determining that it did not have jurisdiction to review it because Gonzalez's "waiver of appeal was knowing and intelligent."  Gonzalez timely appealed the BIA's decision to this Court.  The sole issue before this Court is whether the BIA erred in concluding that Gonzalez's waiver of his right to appeal was effective.  We conclude that it did not err.

## II.

We review the BIA's legal determinations *de novo* and its factual findings under the substantial evidence test.  *D-Muhumed v. U.S. Atty. Gen.*, 388 F.3d 814, 817–18 (11th Cir. 2004).  Under the substantial evidence test, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001)).

III.

The BIA lacks jurisdiction to review an IJ's decision where the alien waived his right to an appeal.  *See* 8 C.F.R. § 1003.3(a)(1) ("A Notice of Appeal [to the BIA] may not be filed by any party who has waived appeal pursuant to [8 C.F.R.] § 1003.39."); *Id.* § 1003.39 ("Except when certified to the Board, the decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."); *see also In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322 (BIA 2000).  An alien may waive the right to appeal provided that his decision is knowing and intelligent.  *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987) (holding a waiver invalid that was "not considered or intelligent").[1]  In this context, "[t]he finding of knowing and intelligent waiver 'is inevitably a fact-specific inquiry.'"  *Kohwarien v. Holder*, 635 F.3d 174, 179 (5th Cir. 2011) (quoting *Ali v. Mukasey*, 525 F.3d 171, 174 (2d Cir. 2008); *see also Melesio-Rodriguez v. Sessions*, 884 F.3d 675, 678 (7th Cir. 2018) (whether criminal alien knowingly and intelligently waived his appeal rights,

---

[1] An alien may challenge whether his waiver was knowing and intelligent in a motion filed with the IJ.  *In Re Patino*, 23 I. & N. Dec. 74, 76 (BIA 2001).  Gonzalez did not file such a motion with the IJ, and instead proceeded directly to the BIA with this claim.  But "[t]he fact that the [IJ] can entertain such a motion does not preclude the [BIA] from considering an appeal concerning the validity of an appeal waiver." *Id.*  Because we have jurisdiction to review the BIA's decision considering the validity of the appeal waiver pursuant to 8 U.S.C. § 1252(a)(1), Gonzalez's choice not to challenge the waiver in a motion before the IJ does not preclude our review.

6

"is not a question of law, but rather a fact-intensive inquiry"). Based on the evidence on the record before it, the BIA concluded that Gonzalez effectively waived his right to appeal because his waiver was knowing and intelligent. Gonzalez urges this Court to overturn that determination.

The record supports the BIA's conclusion that Gonzalez's waiver was knowing and intelligent. The IJ informed Gonzalez of his right to appeal and the consequences of not doing so on two occasions. Gonzalez affirmed that he understood each time. Moreover, at the IJ's invitation during his final hearing, Gonzalez and the IJ discussed which country he wanted to be removed to and determined that Gonzalez preferred to go to Spain rather than return to Cuba. At no point during the hearings did Gonzalez indicate he did not understand his rights or that he wished to appeal the IJ's decision. Rather, the opposite is true: Gonzalez demonstrated an understanding of his appeal rights and the consequences of his decision. The record therefore supports the BIA's conclusion that Gonzalez's waiver was knowing and intelligent.

Relying primarily on the BIA's opinion in *Rodriguez-Diaz*, Gonzalez decries the IJ's explanations of Gonzalez's right to appeal as insufficient to explain the consequences of waiving that right. 22 I. & N. Dec. 1320. In *Rodriguez-Diaz*, the BIA considered whether an unrepresented alien's acceptance of the IJ's decision as "final," without further explanation by the IJ, is an effective waiver of his right to

appeal.  *Id.* at 1322.  Specifically, at the conclusion of the alien's hearing, the IJ in

*Rodriguez-Diaz* stated the following:

> I find that you're removable from the United States as charged.  I'm not aware of any relief available to you and you're not requesting any relief and, therefore, I order that you be removed from the United States to the Dominican Republic on the charges contained in the Notice to Appear.  Do you accept my decision as a final one?

*Id.* at 1321.  The alien "simply answered, 'Yes.'"  *Id.*  The BIA explained that

"[a]sking the parties whether they accept a decision as 'final' is a shorthand

commonly used by [IJs]" and unrepresented aliens may construe it "as simply a

reference to the end of the proceeding before the [IJ] and may not necessarily

understand that it contemplates the final resolution of the case."  *Id.* at 1322–23.

The BIA therefore held that the IJ's single question about whether the alien

accepted its decision as "final" was insufficient to render the unrepresented alien's

waiver as "knowing and voluntary."  *Id.*  The BIA further noted that, while it did

"not seek to alter any statement currently used by an [IJ] that satisfactorily

communicates the right to appeal," in general, it was "more likely to find a valid

waiver where the [IJ] has adequately conveyed both the alien's appeal options and

the finality associated with waiving appeal."  *Id.* at 1323.

      As is clear from the discussion above, the IJ in this case did just that—twice.

At the January 9 removal hearing, the IJ told Gonzalez that he could appeal the

decision to a higher court, and if he gave up that right, the IJ's decision would be

8

final.  Unlike the IJ in *Rodriguez-Diaz*, here, the IJ explained what it meant by

"final": that Gonzalez would be "giv[ing] up [his] right to appeal and accept[ing]

[the IJ's] decision."  These instructions effectively conveyed Gonzalez's right to

appeal and the finality of the IJ's decision if he did not do so.  Similarly, at the

March 22 asylum hearing, the IJ informed Gonzalez he could appeal the decision

to a higher court for review, and Gonzalez declined his right to do so.  Before

concluding, the IJ told Gonzalez that his decision was final, meaning that Gonzalez

would be removed from the United States as soon as practicable, and Gonzalez

said he understood.  Those instructions are sufficient to constitute a knowing and

intelligent waiver, and they further meet the BIA's expectations as laid out in

*Rodriguez-Diaz*.[2]

Because the record, viewed as a whole, substantially supports the BIA's

finding that Gonzalez knowingly and intelligently waived his right to appeal, we

---

[2] Gonzalez also claims that because the IJ's first set of instructions were made through an
interpreter at a master calendar hearing, he could not have understood the nuances of his right to
appeal.  But Gonzalez does not cite any decision—either from the BIA or this Court—indicating
that a clear waiver may not be effective because the IJ explained the alien's right to appeal under
such conditions.  Moreover, nothing in the record shows that Gonzalez had any questions or
issues understanding the IJ's instructions during the January 9 hearing.  Gonzalez also faults the
IJ for not providing an oral decision or announcing a future written decision to address
Gonzalez's specific claim of persecution for political opinion or request for protection under
CAT.  Although the IJ did not independently discuss the merits of these claims during the
hearing, he nevertheless stated that he was denying Gonzalez's claims and ordering him removed
from the country.  And on the day of the hearing, he issued a written order denying Gonzalez's
application for asylum, withholding of removal, and CAT relief.  Thus, Gonzalez has failed to
dissuade us from finding that his waiver of appealing all his claims was knowing and intelligent.

conclude that the BIA properly dismissed Gonzalez's appeal for lack of jurisdiction.

**PETITION DISMISSED.**