# In re Juana Claudia PATINO, Respondent

File A72 957 684 – Reno

*Decided May 9, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A party wishing to challenge the validity of an appeal waiver may file either a motion to reconsider with the Immigration Judge or an appeal directly with the Board of Immigration Appeals.

FOR RESPONDENT: James J. Kelly, Esquire, Reno, Nevada

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Mary Jean Lambert, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; HEILMAN, SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members. Concurring Opinion: ROSENBERG, Board Member.

MOSCATO, Board Member:

The respondent has appealed from an Immigration Judge's refusal to entertain her motion to reopen deportation proceedings. The appeal will be sustained, and the record will be remanded to the Immigration Court.

## I. BACKGROUND

On October 19, 1998, the Immigration Judge granted the respondent voluntary departure with an alternate order of deportation to Mexico. The record reflects that both the respondent, through counsel, and the Immigration and Naturalization Service waived their right to appeal at the conclusion of proceedings.

On November 18, 1998, the respondent attempted to file a motion to reopen, better characterized as a motion to reconsider, with the Immigration Judge, in which she challenged the validity of her waiver of the right to appeal. The motion was rejected by a clerk of the Immigration Court, who advised the respondent, pursuant to the instruction of the Immigration Judge, that the

Immigration Judge did not have jurisdiction to entertain her motion and that "this case must go to" the Board.[1]

On December 17, 1998, the respondent filed the instant appeal, wherein she asserts that her counsel before the Immigration Judge was ineffective and that counsel was not authorized to withdraw her application for suspension of deportation. The respondent attached to her Notice of Appeal (Form EOIR-26) the motion she filed with the Immigration Judge, and she asks that we consider her appeal notwithstanding her waiver of that right. In her motion, the respondent maintains that, because of the ineffective assistance of her counsel, she did not knowingly and intelligently waive her right to appeal. That being the case, the respondent argues, the Immigration Judge should have entertained her motion, pursuant to the procedure set forth in *Matter of Shih*, 20 I&N Dec. 697 (BIA 1993).

In response to the appeal, the Service argues that Immigration Judge's refusal to accept the respondent's motion does not confer jurisdiction on the Board. The Service asks that we dismiss the respondent's appeal for lack of jurisdiction. The Service also contests the respondent's rendition of events and her claim of ineffective assistance of counsel.

## II. ISSUE

At issue is the proper procedure for challenging a waiver of the right to appeal. We find that a party wishing to challenge the validity of an appeal waiver may file either a motion to reconsider with the Immigration Judge or an appeal directly with the Board.

## III. DISCUSSION

Given the unusual circumstances of this case, we will consolidate the arguments of the respondent's appeal and her underlying motion.

A Notice of Appeal must be filed within 30 calendar days of an Immigration Judge's oral decision or the mailing of a written decision, with allowances made for deadlines that fall on a weekend or holiday. *See* 8 C.F.R. §§ 3.38(b), (c) (2001). The respondent's appeal may or may not be untimely, depending on whether her appeal deadline is calculated from the date of her deportation order or from the rejection of her motion by the Immigration Court. Therefore, to avoid any issues of timeliness, we will certify the respondent's appeal and

---

[1]  Because the motion was rejected by the court, the motion was never actually "filed," and therefore the original motion does not appear in the record. However, a copy of the motion is included in the record, and we glean from the canceled date stamp on current counsel's Notice of Entry of Appearance as Attorney or Representative Before the Office of the Immigration Judge (Form EOIR-28) that the respondent attempted to file the motion on November 18, 1998. Consequently, the motion would have been timely, had it been accepted by the Immigration Court.

consider it on our own authority. 8 C.F.R. § 3.1(c) (2001). However, for reasons that will be discussed below, we here assume jurisdiction for the limited purpose of considering the procedural concerns raised by the respondent's case.

Whenever the right to appeal is waived, the decision of the Immigration Judge becomes final and may be implemented immediately. *See* 8 C.F.R. §§ 3.3(a)(1), 3.39 (2001). A waiver of the right to appeal thus relinquishes the parties' opportunity to seek review of the Immigration Judge's ruling. Given the profound ramifications of such a waiver, it is important that the waiver be knowingly and intelligently made. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987); *see also Matter of Rodriguez-Diaz*, Interim Decision 3431 (BIA 2000).

In many instances, the question whether a waiver was knowingly and intelligently made is a factual one, best assessed by the Immigration Judge who received and recorded the waiver. Accordingly, we have, as a practice, expected parties to take any challenges to an appeal waiver to the Immigration Judge. *See Matter of Shih*, *supra* (opining that a party wishing to challenge an appeal waiver should file a motion with the Immigration Judge).

As a general matter, a waiver of appeal may limit the jurisdiction of the Board, but not that of the Immigration Judge. *See* 8 C.F.R. § 3.3(a)(1) (stating, inter alia, that an appeal from the decision of an Immigration Judge may not be filed by a party who has waived appeal). Within the bounds of statute and regulation, and until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge. An Immigration Judge may entertain a motion to reconsider that contests the validity of an appeal waiver, provided that the motion is timely and otherwise satisfies the pertinent regulations. *See generally* 8 C.F.R. § 3.23(b)(1) (2001).

The fact that the Immigration Judge can entertain such a motion does not preclude the Board from considering an appeal concerning the validity of an appeal waiver. We acknowledge that the Board may not exercise jurisdiction over a case once the right to appeal has been waived. 8 C.F.R. §§ 3.3(a)(1), 3.39. Yet we are not divested of jurisdiction where the waiver is not valid. *Cf. Matter of Rodriguez-Diaz*, *supra*; *Matter of Ocampo*, Interim Decision 3429 (BIA 2000). We do possess jurisdiction to consider the validity of an appeal waiver; we proceed to the substance of the appeal only if the waiver is not valid and the Board would otherwise have jurisdiction.

## IV. CONCLUSION

Accordingly, a party wishing to challenge a waiver of appeal has one of two options: filing an appeal directly with the Board or filing a motion to reconsider with the Immigration Judge. While both options provide 30 days to file that challenge, there are, of course, tactical differences between them. Calculations of success, the opportunity for administrative review, and the desirability of an automatic stay are considerations, among others, that a party might weigh in

choosing one course of action over the other. The decision to file a motion or a direct appeal is a question of litigation strategy that we leave to the discretion of the filing party. Parties should be mindful, however, that the Board does not ordinarily entertain new evidence on appeal. *See, e.g.*, *Matter of Soriano*, 19 I&N Dec. 764 (BIA 1988).

In this particular instance, the respondent filed a motion with the Immigration Judge. That motion would have been timely had it not been rejected by the Immigration Court. We therefore find that the Immigration Judge did have jurisdiction to entertain the respondent's motion and that it was improper for the Immigration Court to reject it on this basis. Consequently, we will rectify this procedural defect by returning the respondent's case to the Immigration Judge with instructions to provide the respondent 30 days to file her motion to reconsider and, should she do so, to adjudicate that motion.

As our remedy is procedural in nature, we do not reach the respondent's assertions regarding the validity of her appeal waiver or her claim of ineffective assistance of counsel.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for the purpose stated in the foregoing opinion.

*CONCURRING OPINION:* Lory Diana Rosenberg, Board Member

I respectfully concur without opinion.