**Fe Suniga MEDINA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74624.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 11, 2006.

Gary G. Singh, Esq., Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, James E. Grimes, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Scott A. Chutka, Esq., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Fe Suniga Medina ("Medina"), a native and citizen of the Philippines, seeks review of her order of removal, her ability to achieve adjustment of status based on her approved I–130 petition, and the Immigration Judge's ("IJ") rescission of the grant of Medina's third motion to reopen her removal proceedings.

We lack jurisdiction to entertain Medina's claims on the merits in this petition. The last disposition on the merits of Medina's claims occurred on May 17, 2004, when the Board of Immigration Appeals ("BIA" or "Board") denied Medina's second motion to reopen. Her current petition for review, filed on August 8, 2005, is thus untimely to challenge that disposition. 8 U.S.C. § 1252(b)(1) (2005).

The only remaining claim is Medina's challenge to the IJ's decision to rescind the grant of her third motion to reopen her removal proceedings on jurisdictional grounds. We conclude that the IJ correctly determined that the IJ lacked jurisdiction to entertain a motion to reopen Medina's petition because jurisdiction remained with the BIA following Medina's appeal. 8 C.F.R. § 1003.2(a) provides that "[a] request to reopen or reconsider *any case in which a decision is made by the Board,* which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion *to the Board.*" (Emphasis added). An IJ's jurisdiction to entertain motions to reopen is limited to cases in which jurisdiction has not vested with the BIA. 8 C.F.R. § 1003.23(b)(1) (2003) (providing that "[a]n Immigration Judge may … reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"). Jurisdiction vests with the BIA when the Board entertains an appeal. *See Matter of Patino,* 23 I. & N. Dec. 74 (BIA 2001) (stating that "*until such time as an appeal is properly before the Board,* the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge") (emphasis added). Medina filed an appeal of her order of removal with the BIA, which had jurisdiction over the appeal, precluding the IJ from subsequently entertaining Medina's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

motion to reopen. *See* 8 C.F.R. § 1003.2(a).

Petition for review DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.