**Mewa SINGH, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**Nos. 06–1955–ag (L), 06–3000–ag (con).**

United States Court of Appeals, Second Circuit.

Dec. 7, 2007.

Hardeep S. Rai; Tsz–Hai Huang, San Francisco, California, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois; Craig Oswald, Renato Mariotti, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, Hon. GUIDO CALABRESI, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

### SUMMARY ORDER

Mewa Singh, a native and citizen of India, seeks review of a March 28, 2006 order of the BIA affirming the October 6, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his motion to reopen. *In re Mewa Singh*, No. A72 473 717 (B.I.A. Mar. 28, 2006), *aff'g* No. A72 473 717 (Immig. Ct. N.Y. City Oct. 6, 2005). Singh also seeks review of the June 1, 2006 order of the BIA, which denied his motion to reconsider the dismissal of his appeal. *In re Mewa Singh*, No. A72 473 717 (B.I.A. June 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005)(per curiam); *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted). In reviewing the agency's denial of motions filed by an alien after a final order of removal (or, in this case, exclusion) has been issued, we are mindful of the fact that such motions are disfavored. *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Here, we find that the BIA did not abuse its discretion in dismissing Singh's appeal of the IJ's denial of his second motion to reopen where the IJ lacked jurisdiction to review said motion. *See* 8 C.F.R. § 1003.2(a); *see also Kaur*, 413 F.3d at 233–34. An IJ has jurisdiction to consider motions to reopen until jurisdiction vests with the BIA by the proper filing of an appeal. *See* 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"); *see also Matter of Patino*, 23 I. & N. Dec. 74, 76 (B.I.A.2001) (stating that "until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge"). The agency's regulations provide that "[a] request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board." 8 C.F.R. § 1003.2(a). In Singh's proceedings, prior to the filing of the motions at issue here, the BIA considered an appeal of the IJ's denial of Singh's first motion to reopen and further reviewed three separate motions to reopen filed before the Board. Accordingly, jurisdiction over any subsequently filed motions to reopen was vested in the BIA. As Singh improperly filed his motion to reopen with the IJ, the BIA did not abuse its discretion in dismissing Singh's appeal from the IJ's decision and denying his motion to reconsider on jurisdictional grounds. *See* 8 C.F.R. § 1003.2(a).

Likewise, we find that Singh's due process argument is without merit. In the asylum context, due process requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard, and that the agency not act arbitrarily in denying an applicant's claims. *See Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006)

(citations omitted). Here, Singh was provided ample opportunity to present evidence demonstrating that he had reasonable cause for failing to appear at a hearing before the IJ, where the IJ considered Singh's first motion to reopen challenging his *in absentia* exclusion order and the BIA considered the merits of his appeal from the IJ's denial of that motion. Moreover, since that time, Singh has filed three motions to reopen with the BIA, none of which raised an ineffective assistance of counsel or improper notice claim. Although Singh raised these arguments in his second motion to reopen before the IJ, that motion was properly denied by the agency on jurisdictional grounds; thus, the agency did not act arbitrarily in declining to consider the ineffective assistance of counsel and improper notice arguments raised for the first time therein.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).