**MING QING GAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–3483–ag.

United States Court of Appeals, Second Circuit.

May 27, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

88

Theodore N. Cox, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ann Carroll Varnon, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Qing Gao, a native and citizen of the People's Republic of China, seeks review of the August 8, 2007 order of the BIA affirming the February 7, 2007 order of Immigration Judge ("IJ") Noel A. Ferris denying her motion to reopen and request to file a successive asylum application. *In re Ming Qing Gao*, No. A73 046 752 (B.I.A. Aug. 8, 2007), *aff'g* No. A73 046 752 (Immig. Ct. N.Y. City Feb. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke*

mer Attorney General Alberto R. Gonzales as

*Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In her brief to this Court, Gao fails to challenge the BIA's affirmance of the IJ's finding that she lacked jurisdiction to adjudicate Gao's motion to reopen and request to file a successive asylum application. Gao's failure to challenge this threshold jurisdictional finding is fatal to her petition for review. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *see also Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007) (denying the petition for review where petitioner failed to raise "any of the issues relevant" to BIA's denial of his motion to reopen).

Even if we were to reach that finding, we would find no error in the agency's conclusion that jurisdiction was properly vested with the BIA. The regulations provide that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1); *see also Matter of Patino*, 23 I. & N. Dec. 74, 76 (BIA 2001) (stating that "until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge"). Prior to the instant request and motion, the BIA had denied Gao's appeal from the denial of her first motion to reopen, as well as her second motion to reopen, which she had filed directly with the BIA. Accordingly, jurisdiction over any subsequently filed motions was vested with the BIA. As Gao improperly filed her request and motion with the IJ, the BIA did not abuse its discretion in dismissing her appeal from the IJ's decision. *See Kaur*, 413 F.3d at 233.

the respondent in this case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).