SUMMARY ORDER

Petitioner Yu-Zhen Jiane, a native and citizen of the People’s Republic of China, seeks review of the February 1, 2008 order of the BIA, affirming the December 19, 2006 decision of Immigration Judge (“IJ”) Robert D. Weisel, which denied her motion to file a successive asylum application. In re Yu-Zhen Jiane, No. A72 830 286 (B.I.A. Feb. 1, 2008), offg No. A72 830 286 (Im- *45 mig. Ct. N.Y. City Dec. 19, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the BIA’s denial of a motion to reopen for abuse of discretion. Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.8d 83, 93 (2d Cir.2001). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As we have recognized, the BIA has determined that common law preclusion principles apply in immigration proceedings. See Channer u DHS., 527 F.3d 275, 279-80 (2d Cir.2008) (citing In re Fe-dorenko, 19 I. & N. Dec. 57, 61 (B.I.A. 1984)); see also In re S-Y-G-, 24 I. & N. Dec. 247, 250 (B.I.A.2007). The law of the case doctrine “ordinarily forecloses reliti-gation of issues expressly or impliedly decided by the appellate court.” United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir.2002) (internal quotation marks omitted). Here, we find that the agency did not abuse its discretion in concluding that the law of the case doctrine foreclosed its consideration of the issues raised in Jiane’s second motion to file a successive asylum application. Indeed, as Jiane did not seek judicial review of the BIA’s denial of her first motion to file a successive asylum application, which raised the identical arguments contained in her second motion, the BIA’s decision denying her first motion remained the law of the case. See id.
Moreover, although in denying Ji-ane’s first motion, the BIA did not explicitly consider her argument that the agency’s regulations did not require her to file a motion to reopen in conjunction with her motion to file a successive asylum application, implicit in the BIA’s decision, which construed her motion as a motion to reopen, was the conclusion that she was required to file such a motion. Additionally, contrary to Jiane’s argument, the BIA had jurisdiction to consider her first motion to file a successive asylum application because she was required to first move the agency to reopen her proceedings, see Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008), and jurisdiction had vested in the BIA upon her appeal from the IJ’s denial of her application for relief, see 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may “reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals”); see also In re Pa-tino, 23 I. & N. Dec. 74, 76 (B.I.A.2001) (stating that “until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, we dismiss as moot Jiane’s motion for a stay of removal.