SUMMARY ORDER

Petitioner Da Bing Audang, a native and citizen of the People’s Republic of China, seeks review of a December 28, 2007 order of the BIA affirming the February 13, 2007 decision of Immigration Judge (“IJ”) Helen Sichel dismissing his motion to file a successive asylum application or, in the alternative, to reopen proceedings for lack of jurisdiction. In re Da Bing Audang, No. A27 616 401 (B.I.A. Dec. 28, 2007), aff'g No. A27 616 401 (Immig. Ct. N.Y. City Feb. 13, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the BIA’s decision to affirm an IJ’s denial of a motion to reopen for abuse of discretion and its legal conclusions de novo. See Yuen Jin v. Mukasey, 538 F.3d 143, 147 (2d Cir.2008).
In this case, the BIA did not err in dismissing Audang’s appeal from the IJ’s *14 denial of his motion for lack of jurisdiction. An IJ has jurisdiction to consider motions to reopen only until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. See 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may “reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals”); id. § 1003.2(a) (“A request to reopen or reconsider any case in which a decision has been made by the Board ... must be in the form of a written motion to the Board.”); see also Matter of Patino, 23 I. & N. Dec. 74, 76 (B.I.A.2001) (stating that “until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge”). At the time Audang filed his December 2006 motion to file a successive asylum application and to reopen, he had previously filed, and been denied relief upon, (1) an appeal to the BIA from the denial of his initial asylum application, (2) a motion to reopen with the BIA, (3) a second motion to reopen with the IJ (which was dismissed for lack of jurisdiction), and (4) further motions for remand and to reopen with the BIA. On this record, jurisdiction over Audang’s efforts to reopen had clearly vested with the BIA by the time Audang’s December 2006 motion was filed. See 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); Matter of Patino, 23 I. & N. Dec. at 76.
Audang counters that, because he principally sought leave to file a successive asylum application, and not to reopen his pri- or proceedings, his December 2006 motion was not governed by the agency regulations that require an applicant to' file' a motion to reopen with the BIA once jurisdiction has vested there. Audang acknowledges the BIA’s recent holding in Matter of C-W-L- 24 I. & N. Dec. 346, 347 (B.I.A.2007), that, pursuant to agency regulations, a successive asylum application which is made “[ajfter the completion of exclusion, deportation, or removal proceedings” may only be filed in conjunction with a motion to reopen. 8 C.F.R. § 1208.4(b)(3)(ii). However, he argues that the BIA misread its own regulations in reaching this conclusion. Our recent decision in Yuen Jin v. Mukasey, 538 F.3d at 151-56, forecloses that argument.
In sum, (1) Audang’s December 2006 motion was required to be made in conjunction with a properly filed motion to reopen, and (2), as noted above, the only entity with jurisdiction to entertain a motion to reopen in Audang’s case is the BIA. The IJ therefore did not err in denying the December 2006 motion for lack of jurisdiction.
Because neither the IJ nor the BIA exercised jurisdiction over Audang’s motion and adjudicated it on the merits, we do not address the merits of that motion here. See Felzcerek v. INS, 75 F.3d 112, 118 (2d Cir.1996) (holding that this Court “lack[s] jurisdiction to review the merits of an alien’s motion to reopen before the BIA has had an opportunity to do so”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.