WEI YONG LIN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General,* Respondent.

No. 07–4388–ag.

United States Court of Appeals,
Second Circuit.

July 16, 2009.

Theodore N. Cox, Esq., New York, NY,
for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROSEMARY
S. POOLER, and B.D. PARKER, Circuit
Judges.

### SUMMARY ORDER

Petitioner Wei Yong Lin, a native and citizen of the People's Republic of China, seeks review of a September 17, 2007 order of the BIA affirming the April 24, 2006 decision of the immigration judge Gabriel

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-  er, Jr. is automatically substituted as the respondent in this case.

C. Videla dismissing for lack of jurisdiction his motion to file a successive asylum application or, in the alternative, to reopen proceedings. *In re Wei Yong Lin,* No. A73 037 174 (B.I.A. Sept. 17, 2007), *aff'g* No. A73 037 174 (Immig. Ct. N.Y. City Apr. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006).

■ As an initial matter, the government argues that Lin failed to exhaust his argument that jurisdiction over his motion properly lay with the immigration court. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004). Indeed, Lin did not explicitly challenge the IJ's jurisdictional finding in his notice of appeal to the BIA and did not subsequently submit a supporting brief raising such a challenge. However, the BIA explicitly addressed the issue of jurisdiction in its order dismissing Lin's appeal, thereby excusing any failure to exhaust. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).

■ An IJ has jurisdiction to consider motions to reopen until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. *See* 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"); *see also Matter of Patino,* 23 I. & N. Dec. 74, 76 (B.I.A.2001) (stating that "until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge"). The agency's regulations provide that "[a] request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board." 8 C.F.R. § 1003.2(a).

Lin submitted his motion to reopen with the IJ after he already had appealed from the IJ's denial of his application for relief with the BIA and the BIA had issued a final administrative order adjudicating that appeal. Accordingly, jurisdiction over any motion to reopen in his case had vested with the BIA, and the BIA did not abuse its discretion in affirming the IJ's denial of the motion to reopen. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *Matter of Patino,* 23 I. & N. Dec. at 76.

Lin argues that his motion was a motion to file a successive asylum application, not a motion to reopen, and that the motion was therefore not governed by the agency regulations that require an applicant to file a motion to reopen with the BIA once jurisdiction has vested in that body. That argument fails. Under the BIA's decision in *Matter of C–W–L–,* 24 I. & N. Dec. 346, 347 (B.I.A.2007), a successive asylum application which is made "[a]fter the completion of exclusion, deportation, or removal proceedings" may only be filed in conjunction with a motion to reopen which satisfies all the procedural requirements for such motions. 8 C.F.R. § 1208.4(b)(3)(ii). We accorded *Chevron* deference to that decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 152 (2d Cir.2008). Thus, Lin's motion to file a successive asylum application was the functional equivalent of a motion to reopen, and the BIA, not the IJ, had jurisdiction over it. *See* 8 C.F.R. § 1003.2(a).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.