**XUE SHI YANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–1604–ag.**

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

Xue Shi Yang, Brooklyn, NY, pro se.

Gregory G. Katsas, Assistant Attorney General; Anh–Thu P. Mai–Windle, Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WILFRED FEINBERG, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**SUMMARY ORDER**

Petitioner Xue Shi Yang, a native and citizen of the People's Republic of China, seeks review of a March 26, 2008 order of the BIA, which: (1) affirmed the March 28, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying his motion to file a successive asylum application for lack of jurisdiction; and (2) denied his motion to reopen. *In re Xue Shi Yang,* No. A070 904 891 (B.I.A. Mar. 26, 2008), *aff'g* No. A070 904 891 (Immig. Ct. N.Y. City Mar. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Pursuant to *Yuen Jin v. Mukasey,* Yang was required to file a motion to reopen in accordance with the procedural requirements for filing such motions in conjunction with his successive asylum application. 538 F.3d 143, 156 (2d Cir.2008). Accordingly, contrary to Yang's argument, the IJ did not err in finding that he lacked jurisdiction to adjudicate Yang's motion. *See* 8 C.F.R. § 1003.23(b)(1); *see also Matter of Patino,* 23 I. & N. Dec. 74, 76 (BIA 2001). The remainder of Yang's arguments related to his eligibility to file a successive

asylum application are foreclosed by *Yuen Jin. See* 538 F.3d at 156.

As to the BIA's denial of Yang's motion to reopen, the government correctly argues that he waives any challenge to the BIA's finding that he failed to submit previously unavailable material evidence in support of that motion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because a failure to proffer previously unavailable evidence is a proper ground on which the BIA may deny a motion to reopen, Yang's failure to challenge the BIA's finding that he failed to submit such evidence is dispositive of this case. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.