08-3851-ag
Chen v. Holder

BIA
Weisel, IJ
A76 980 171

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand nine.

PRESENT:
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

JIAN ZHENG CHEN
        *Petitioner*,

        v.                    08-3851-ag
                                  NAC

ERIC H. HOLDER, JR.,
U.S. ATTORNEY GENERAL,[*] BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES
        *Respondents*.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

FOR PETITIONER:     John Chang, Esq., New York, New York.

FOR RESPONDENT:     Gregory G. Katsas, Assistant Attorney General, Civil Division; William C. Peachey, Assistant Director; Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Zheng Chen, a native and citizen of the People's Republic of China, seeks review of a July 22, 2008 order of the BIA affirming the April 25, 2007 decision of Immigration Judge Robert D. Weisel denying for lack of jurisdiction her motion to file a successive asylum application. *In re Jian Zheng Chen*, No. A76 980 171 (B.I.A. July 22, 2008), *aff'g* No. A76 980 171 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of

2

discretion. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006).

As an initial matter, Chen's brief to this Court does not challenge the BIA's finding that she could submit a successive asylum application only in conjunction with a properly filed motion to reopen. *See Matter of C-W-L-,* 24 I.& N. Dec. 346, 350 (B.I.A. 2007); *Yuen Jin v. Mukasey,* 538 F.3d 143, 152 (2d Cir. 2008). Furthermore, Chen challenges neither the BIA's finding that the births of her two U.S.-born children constituted changed personal circumstances rather than changed country conditions, nor its determination that she was not entitled to file a successive asylum based on changed personal circumstances. *See Matter of C-W-L,* 24 I.&N. Dec. at 350; *Yuen Jin,* 538 F.3d at 152. Nor does Chen revive before this Court the argument that she raised before both the IJ and the BIA that jurisdiction over her successive asylum application properly lay with the IJ. Accordingly, Chen has waived those arguments. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Moreover, the BIA correctly found that the IJ did not have jurisdiction over Chen's motion to reopen based on

3

changed country conditions. An IJ has jurisdiction to consider motions to reopen only until the applicant properly files an appeal, at which point jurisdiction vests with the BIA. *See* 8 C.F.R. § 1003.23(b)(1) (providing that an IJ may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals"); *see also Matter of Patino,* 23 I. & N. Dec. 74, 76 (B.I.A. 2001) (stating that "until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the Immigration Judge"). At the time Chen submitted her motion, she had already filed an appeal from the IJ's denial of her application for relief with the BIA, and the BIA had issued a final administrative order adjudicating that appeal. Accordingly, jurisdiction over any motion to reopen in Chen's case had vested with the BIA, and, to the extent her motion could be construed as a motion to reopen, it was not properly before the immigration court. 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *Matter of Patino,* 23 I. & N. Dec. at 76.

In addition, despite Chen's arguments to the contrary,

4

the BIA was not required to construe her appeal as a motion to reopen. Although Chen requested "remand," she did not make a motion to remand. *Cf. Matter of Coelho,* 20 I.&N. Dec. 464, 471 (B.I.A. 1992) (holding that "where a motion to remand is really in the nature of a motion to reopen or a motion to reconsider, it must comply with the substantive requirements for such motions"). Moreover, although she asked the immigration court to reopen her case based on changed country conditions, she never made that request of the BIA. Thus, the BIA reasonably interpreted Chen's appeal brief as asking it not to reopen her proceedings based on changed country conditions but to find that the IJ erred in failing to do so. Accordingly, the BIA did not abuse its discretion by not construing Chen's "request for remand" as a motion to remand or by failing to consider the merits of her underlying motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005).

Finally, the IJ and the BIA did not abuse their discretion by failing to consider Chen's application for CAT relief, which was based on her illegal departure from China. Because the IJ had no jurisdiction to any extent over Chen's motion to reopen, 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1); *Matter of Patino,* 23 I. & N. Dec. at 76, Chen's application for CAT relief was not properly before the IJ. Moreover,

because Chen did not renew her motion to reopen before the BIA but rather asked the BIA to find that the IJ had erred in not reopening her proceedings, her claim for CAT relief was also not properly before the BIA, and the BIA's failure to specifically address it did not constitute an abuse of discretion.  *See Kaur*, 413 F.3d at 233-34.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6