07-4283-ag (L), 08-0688-ag (Con)
Lin v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

---

| | |
|---|---|
| CHAN LIN v. HOLDER,[1]<br>A098 586 706 | 07-4283-ag (L)<br>08-0688-ag (Con) |

---

| | |
|---|---|
| XIU YING CHEN v. HOLDER,<br>A098 973 915 | 07-4940-ag |

---

| | |
|---|---|
| TING LIN v. UNITED STATES<br>DEPARTMENT OF JUSTICE,<br>A077 292 841 | 07-5006-ag |

---

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

YI LAN LI v. UNITED STATES
ATTORNEY GENERAL,
A095 476 271

07-5339-ag (L)
08-2538-ag (Con)

———————————————————

HSIANG JIN CHENG, AKA YUEN
MAN CHAN, AKA XIANG JIN
ZHENG v. HOLDER,
A077 354 565

07-5660-ag

———————————————————

XIN ZHENG v. HOLDER,
A073 543 533

08-1214-ag

———————————————————

XIAOYE ZHANG v. HOLDER,
A099 076 716

08-1404-ag

———————————————————

YU JIE CHEN v. HOLDER,
A070 908 620

08-1740-ag

———————————————————

MEI RONG LIN v. HOLDER,
A077 769 644

08-2032-ag

———————————————————

JIN YUN WU v. HOLDER,
A097 479 002

08-2627-ag

———————————————————

PING CHEN, AKA AI LING NEO
v. HOLDER,
A077 994 104

08-3035-ag (L)
09-0200-ag (Con)

———————————————————

HAI OU DONG, AKA HAIOU HU
v. HOLDER,
A097 976 136

08-3534-ag (L)
09-1087-ag (Con)

———————————————————

08302010-1-28

_____

MEI HUANG v. HOLDER,                                    08-3795-ag
A096 332 846

_____

YING HUA CHEN, AKA YI HUA                               08-4315-ag
CHEN, AKA HUA CHEN, AKA
YING-HUA CHEN, DE XING WANG,
AKA DI XING WANG v. HOLDER,
A099 564 706
A099 564 707

_____

XUEYING LI v. HOLDER,                              08-4863-ag (L)
A079 776 082                                      09-2701-ag (Con)

_____

FU ZHEN ZHENG, AKA DUN RI                               08-5839-ag
ZHENG v. HOLDER,
A077 958 111

_____

MEI YUN GUO v. HOLDER,                                  08-6296-ag
A099 074 200

_____

LI MIN HU v. HOLDER,                                    09-0347-ag
A073 661 053

_____

WU JIAN HE v. HOLDER,                                   09-0422-ag
A073 552 855

_____

GUANG DA LI v. HOLDER,                                  09-0575-ag
A076 506 231

_____

TIAN YOU YANG v. HOLDER,                                09-1262-ag
A073 039 576

_____

08302010-1-28

_____

**XIA LI v. HOLDER,**                                      **09-1394-ag**
**A099 429 143**

_____

**BEN CHEN v. HOLDER,**                                    **09-1506-ag**
**A072 473 754**

_____

**XIAN QU ZHENG v. HOLDER,**                               **09-1509-ag**
**A073 033 112**

_____

**BI YUE NI v. HOLDER,**                                   **09-1693-ag**
**A094 044 884**

_____

**AI ZHU DONG, CHUN RONG LIN**                            **09-2231-ag**
**v. HOLDER,**
**A077 354 403**
**A097 478 867**

_____

**BI XIAN ZHANG v. HOLDER,**                               **09-2500-ag**
**A090 347 388**

_____

**XIN RONG LIN, AKA RONG LIN**                             **09-4159-ag**
**XIN v. HOLDER,**
**A072 360 974**

_____

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA:

(1) affirming the decision of an immigration judge ("IJ") denying asylum and related relief; (2) reversing the IJ's decision granting relief; (3) denying motions to remand, reconsider, or reopen; and/or (4) affirming the IJ's denial of motions to reconsider or reopen.  The applicable standards of review are well-established.  *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed applications and motions based on their claim that they fear persecution because they have one or more children in violation of China's population control program.  For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we conclude there is no error in the agency's decisions.  *See id.* at 158-72.  Although the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, four petitioners are from Zhejiang Province.[2]  Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they submitted related to Zhejiang Province either does not discuss forced sterilizations or references isolated incidents of persecution of individuals

---

[2]The petitioners in *Xiaoye Zhang v. Holder*, No. 08-1404-ag; *Hai Ou Dong v. Holder*, Nos. 08-3534-ag (L), 09-1087-ag (Con); *Li Min Hu v. Holder*, No. 09-0347-ag; and *Xin Rong Lin v. Holder*, No. 09-4159-ag.

who are not similarly situated to the petitioners. *See id*. at 160-61, 171-72.

Some of the petitioners[3] argue that the BIA erred by improperly conducting *de novo* review of determinations made by an IJ. Many of them rely on a recent decision of the Third Circuit, holding, in the context of a claim under the Convention Against Torture, that the BIA must review for clear error findings of fact, including predictions of future events, but that conclusions of law as to whether the facts found satisfy a legal standard are reviewed *de novo*. *See Kaplun v. Attorney General*, 602 F.3d 260 (3d Cir. 2010). These claims lack merit. The BIA has not reviewed *de novo* any of the IJs' factual findings. Instead, the BIA has concluded, on *de novo* review, that the evidence does not meet the legal standard of an objectively reasonable fear of persecution. That approach is entirely consistent with the applicable regulation, 8 C.F.R. § 1003.1(d)(3). *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making

---

[3]The petitioners in *Chan Lin v. Holder*, Nos. 07-4283-ag (L), 08-0688-ag (Con); *Xiu Ying Chen v. Holder*, No. 07-4940-ag; *Hai Ou Dong v. Holder*, Nos. 08-3534-ag (L), 09-1087-ag (Con); *Mei Yun Guo v. Holder*, No. 08-6296-ag; *Xia Li v. Holder*, No. 09-1394-ag; *Bi Yue Ni v. Holder*, No. 09-1693-ag; and *Bi Xian Zhang v. Holder*, No. 09-2500-ag.

"a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear").

Three of the petitioners argue that the BIA applied an incorrect burden of proof by requiring them to establish more than their *prima facie* eligibility for relief. However, in two of those cases,[4] the BIA explicitly considered the petitioners' *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). In the other case,[5] the BIA reasonably found that the petitioner failed to demonstrate changed country conditions excusing the untimely filing of his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c).

Some of the petitioners[6] argue that the BIA failed to give sufficient consideration to the statement of Jin Fu Chen, who alleged that he suffered forcible sterilization after his

---

[4]*Ping Chen v. Holder*, Nos. 08-3035-ag (L), 09-0200-ag (Con); and *Xueying Li v. Holder*, Nos. 08-4863-ag (L), 09-2701-ag (Con).

[5]*Wu Jian He v. Holder*, No. 09-0422-ag.

[6]The petitioners in *Ying Hua Chen, De Xing Wang v. Holder*, No. 08-4315-ag; *Xueying Li v. Holder*, Nos. 08-4863-ag (L), 09-2701-ag (Con); *Wu Jian He v. Holder*, No. 09-0422-ag; *Bi Yue Ni v. Holder*, No. 09-1693-ag; and *Bi Xian Zhang v. Holder*, No. 09-2500-ag.

return to China based on the births of his two children in Japan. A prior panel of this Court has remanded a petition making a similar claim so that Jin Fu Chen's statement (which was submitted to the BIA after a remand) could be considered by the IJ. *See Zheng v. Holder*, No. 07-3970-ag (2d Cir. Jan. 15, 2010). Since that remand, the BIA has repeatedly concluded that Jin Fu Chen's statement does not support a claim of a well-founded fear of persecution. Accordingly, it is clear that further consideration of that statement in cases in which the IJ or the BIA failed to consider it would not change the result. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). Furthermore, the agency's conclusion concerning the probative force of the statement did not involve any error of law.

Two of the petitioners[7] argue that the BIA erred by relying on the U.S. Department of State's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile") because statements in that document are based on mistranslated and contradictory evidence. However, we have repeatedly concluded, as the BIA did here, that the purportedly corrected translations do not materially alter the meaning of the 2007

---

[7]The petitioners in *Ben Chen v. Holder*, No. 09-1506-ag; and *Xian Qu Zheng v. Holder*, No. 09-1509-ag.

Profile by demonstrating a risk of forced sterilization.

We decline a request by one petitioner[8] to consider evidence that was not included in the administrative record and we will not remand for the agency to consider such evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007). To the extent that the BIA declined to credit two petitioners'[9] unauthenticated evidence in light of an underlying adverse credibility determination, the BIA did not abuse its discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Insofar as two of the petitioners[10] argue that the agency erred in denying their claims for withholding of removal and CAT relief based on their failure to demonstrate their eligibility for asylum, the agency did not err because all of their claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

---

[8]The petitioner in *Yi Lan Li v. U.S. Attorney Gen.*, Nos. 07-5339-ag (L), 08-2538-ag (Con).

[9]The petitioners in *Fu Zhen Zheng v. Holder*, No. 08-5839-ag; and *Guang Da Li v. Holder*, No. 09-0575-ag.

[10]The petitioners in *Hai Ou Dong v. Holder*, Nos. 08-3534-ag (L), 09-1087-ag (Con); and *Mei Yun Guo v. Holder*, No. 08-6296-ag.

Additionally, contrary to another petitioner's[11] argument, the agency did not err in determining that she was not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

To the extent that one of the petitioners[12] argues that she was eligible to file a successive asylum application, that argument is foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008).

We lack jurisdiction to consider a petitioner's[13] challenge to a BIA member's decision to unilaterally decide her appeal as opposed to referring her appeal to a three-member panel. *See Guyadin v. Gonzales*, 449 F.3d 465, 469 (2d Cir. 2006). Even assuming, *arguendo*, that we had jurisdiction to consider that argument, contrary to the petitioner's contention, the BIA did not err in disposing of her appeal with a single-member panel when much of the evidence that she

---

[11]The petitioner in *Jin Yun Wu v. Holder*, No. 08-2627-ag.

[12]The petitioner in *Ting Lin v. U.S. Dep't of Justice*, No. 07-5006-ag.

[13] The petitioner in *Chan Lin v. Holder*, Nos. 07-4283-ag (L), 08-0688-ag (Con).

submitted had been analyzed in BIA precedential decisions. *See* 8 C.F.R. § 1003.1(e)(5) ("A single Board member may reverse the decision under review if such reversal is plainly consistent with and required by intervening or Board or judicial precedent").

One of the petitioners[14] argues that the BIA erred in finding that the IJ lacked jurisdiction to consider his motion to reopen because in a prior decision the BIA had stated that any future motions should be filed with the IJ. However, the BIA's prior decision informed the petitioner to file any future motions to rescind, as opposed to motions to reopen, with the IJ, and the BIA did not err in finding that it had jurisdiction over petitioner's third motion to reopen because it was the last administrative body to issue an order in his proceedings. *See* 8 C.F.R. § 1003.23(b)(1); *see also Matter of Patino*, 23 I. & N. Dec. 74, 76 (B.I.A. 2001). Regardless, because the BIA considered the merits of that petitioner's third motion to reopen, and did not dismiss his appeal based on the IJ's lack of jurisdiction, any alleged inconsistency was harmless.

---

[14]The petitioner in *Ben Chen v. Holder*, No. 09-1506-ag.

Contrary to another petitioner's[15] argument that the BIA failed to provide any rational basis for denying his motion when his wife's similar motion had been granted, the BIA reasonably explained that there had been intervening BIA precedents compelling a different result. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

Finally, the BIA did not err in denying one petitioner's[16] motion to reconsider because it was untimely. *See* 8 C.F.R. § 1003.2(b)(2).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[15]The petitioner in *Xin Zheng v. Holder*, No. 08-1214-ag.

[16]The petitioner in *Guang Da Li v. Holder*, No. 09-0575-ag.