NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SILVIA OPICO-ALFARO, | No. 18-70761 |
| Petitioner, | Agency No. A213-081-892 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020**
Seattle, Washington

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,*** District
Judge.

Maria Silvia Opico-Alfaro, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals (BIA) order dismissing her appeal.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***        The Honorable John R. Tunheim, Chief Judge of the United States
District Court for the District of Minnesota, sitting by designation.

The BIA found that Opico-Alfaro had waived her right to appeal and had not contested the validity of that waiver.

This court lacks jurisdiction over the petition for review of the BIA's dismissal of Opico-Alfaro's appeal. Opico-Alfaro waived her right to appeal in removal proceedings before the immigration judge. She did not challenge the validity of that waiver in her appeal before BIA. The waiver of the right to appeal constitutes a failure to exhaust administrative remedies. *Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (holding that the plain text of 8 U.S.C. § 1252(d)(1) "specifically mandates that the exhaustion of administrative remedies is a prerequisite to our jurisdiction"). A petitioner may challenge the validity of the waiver before the BIA, *In re Patino*, 23 I. & N. Dec. 74, 76 (BIA 2001), but the failure to raise the issue likewise amounts to a failure to exhaust administrative remedies, *Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011). Because Opico-Alfaro waived her right to appeal and failed to raise the validity of the waiver before the BIA, she failed to exhaust administrative remedies, and we are without jurisdiction to hear the matter.

The petition for review is **DISMISSED.**